SPRUILL V. BRANNING MANUFACTURING COMPANY AND BATEMAN & BASNIGHT v. BRANNING MANUFACTURING COMPANY.

(Filed 22 September, 1920.)

**Navigation—Navigable Waters—Fishing—Nets—Negligence—Instructions —Appeal and Error.**

> While vessels operating in pursuance of their trade have paramount right over fish nets set in the lane of navigation, where the rights conflict, yet where both can be freely and fairly enjoyed, the right of navigation does not permit a trespass upon and injury to the fishing, and where the evidence is conflicting, the question of negligence depends upon whether, by the exercise of ordinary care, the vessel ought to have seen the nets

of the plaintiff in time to have avoided striking them and causing the
damages complained of in the action; and a refusal of a prayer for
instruction to this effect is reversible error.

CIVIL ACTION, tried before *Lyon, J.,* at November Term, 1919, of
TYRRELL, upon these issues:

"Q. Were the nets of the plaintiff, J. W. Spruill, injured by the negli-
gence of the defendant, as alleged in the complaint? Answer: 'No.'

"Q. If so, what damage is the plaintiff entitled to recover?

"Q. Were the nets of the plaintiffs, Herbert W. Bateman and L. L.
Basnight, injured by the negligence of the defendant, as alleged in com-
plaint? Answer: 'No.'

"Q. If so, what damage is the plaintiffs entitled to recover?"

From the judgment rendered, the plaintiffs appealed.

*Majette & Whitley for plaintiffs.*
*T. W. Woodley and Meekins & McMullan for defendant.*

BROWN, J. These actions were consolidated and tried as one. They
are brought to recover damages for destruction of plaintiffs' nets in the
waters of Albemarle Sound. The evidence tended to prove that the nets
were set between what is known as Laurel Point and Bull Point, in what
is called Bulls Bay, and were at least four or five hundred yards, as
shown by the evidence, inside of Laurel Point lighthouse, and inside of
the lane of navigation from the sea buoy at the mouth of the Scupper-
nong River to said lighthouse. The nets of Bateman and Basnight
were set some distance in front of those of Spruill and the tug of defend-
ant company necessarily had to run over those nets before she reached
those of Spruill. During the times aforesaid, the defendant company
was engaged in operating a tug boat named "Arm & Hammer," for the
purpose of towing rafts of logs from Scuppernong River to Edenton.
In running this course the said tug, by marine usages and the Inland
Rules of Navigation, was supposed to clear the sea buoy at the mouth
of Scuppernong River, and then navigate by her compass northwest by
one-quarter north, clearing the Laurel Point lighthouse by a safe margin.
When she cleared the said lighthouse, the next course up the sound by
the compass is north by one-quarter south to Sandy Point, or to the draw
in the Norfolk Southern bridge across the sound. This was the proper
and usual lane of navigation, and the nets in question were well inside
of this lane, according to the evidence. In making her runs to Edenton
with the said rafts, on numerous occasions the said tug ran over the nets
of the plaintiffs, set as aforesaid, destroying some and greatly injuring
others. The sound at that point is fifteen miles wide, with an average
depth in the sound of four fathoms. According to the evidence, the

weather on each occasion when the nets were run over was fair, the water smooth, and there was no necessity for running over the nets.

The plaintiffs asked the following instruction:

"That if the jury shall find from the greater weight of the evidence that the employees of defendant in charge of its tug saw, or by the exercise of ordinary care, ought to have seen the nets of the plaintiffs in time to have avoided striking them, and did not use due care to avoid injury to the nets, you will answer the first issue 'Yes.'"

We are of opinion that this instruction should have been given. The instruction simply makes ordinary negligence the test of the defendant's liability, which is the true rule. 36 Cyc., 166.

Although the right of navigation in navigable waters is ordinarily paramount to the right of fishing therein, where the rights conflict, yet where both can be freely and fairly enjoyed, the right of navigation has no right to trespass upon and injure the right of fishing, and in such cases the owners of a vessel will be liable for damages caused to fishermen by the negligent navigation of their vessel, although they do not act maliciously or wantonly.

New trial.