## L. J. HARDISON v. NATIONAL HANDLE COMPANY.

(Filed 12 October, 1927.)

**Navigable Waters—Logs and Logging—Fishing—Negligence—Damages.**

> While the rights of navigation are ordinarily paramount in a navigable stream to those of fishing therein, they should be freely and fairly enjoyed together except in case of conflict; and where in floating logs down a stream the negligence of the defendant has unnecessarily caused damages to the plaintiff's fishing machine, the former is held liable therefor.

APPEAL by defendant from *Nunn, J.,* at January Term, 1927, of WASHINGTON.

Civil action to recover damages for an alleged negligent injury to one of plaintiff's fishing machines.

Upon denial of liability, and issues joined, the jury found that the defendant, while floating a raft of logs down the Roanoke River, a navigable stream, unnecessarily and negligently injured one of plaintiff's fishing machines, stationed in said river, and assessed the damages at $37.00.

From a judgment on the verdict in favor of plaintiff the defendant appeals, assigning errors.

*A. R. Dunning for plaintiff.*
*Zeb Vance Norman for defendant.*

STACY, C. J. In the brief of counsel for plaintiff it is stated: "We are told that the lotus flower grows only in two rivers, the Nile and the Roanoke. The fishing machine, the subject-matter of this action, so far as I know, is not used anywhere except in the Roanoke River."

Defendant's chief exception is the one addressed to the refusal of the trial court to grant its motion for judgment as of nonsuit, urged principally upon the ground that no liability attaches for injury done plaintiff's fishing machine by the defendant's raft of logs because the right of navigation is superior to the right of fishing in a navigable stream.

The latest expression on the subject is to be found in *Spruill v. Mfg. Co.,* 180 N. C., 69, where *Brown, J.,* delivering the opinion of the Court, said: "Although the right of navigation in navigable waters is ordinarily paramount to the right of fishing therein, where the rights conflict, yet where both can be freely and fairly enjoyed, the right of navigation has no right to trespass upon and injure the right of fishing, and in such

cases the owners of a vessel will be liable for damages caused to fisher-men by the negligent navigation of their vessel, although they do not act maliciously or wantonly."

This is not at variance with the rule first stated in *Lewis v. Keeling,* 46 N. C., 299, and followed in a number of later decisions, to the effect that the right of navigation is superior to the right of fishing in the waters of a navigable stream. It was said in that case: "There must be no wantonness or malice, no unnecessary damage, but a bona fide exer-cise of the paramount right of navigation."

The instant case was tried upon the principle announced in the *Spruill* and *Lewis cases,* and we find no cause to disturb the verdict.

No error.